## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GREGORIO ALCARAZ SOTO, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| vs. ] | Case No: |
| ] | |
| ] | |
| AKRAM, INC. d/b/a HOUSE OF ] | |
| KABOB and HAMID HASSAN, ] | |
| individually ] | |
| **Defendants.** | |

## **COMPLAINT**

Comes now the Plaintiff, Gregorio Alcaraz Soto, by and through counsel and for cause of action will respectfully show to the Court as follows:

## **NATURE OF SUIT**

1. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff the required minimum wage rate under the FLSA and at time and one-half her regular rate of pay for all hours worked within a workweek in excess of forty hours. This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks

payment for unpaid overtime work and liquidated damages he was deprived of due to Defendants' violations of the Fair Labor Standards Act.

## JURISDICTION and VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

4. The acts complained of took place in Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, Gregorio Alcaraz Soto, is a former employee of Akram, Inc. d/b/a House of Kabob and Hamid Hasan ("Defendant Employers").

6. Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

7. The Defendant, Akram, Inc., a/b/a House of Kabob is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8. The Defendant, Hamid Hasan, is the owner and acting manager of Defendant Akram, Inc. who exercises control of the hours worked, manner in which work is performed, and compensation to Plaintiff.

9. Defendant, Hamid Hasan, as owner and manager, acts directly and/or indirectly in the interest of and on behalf of Defendant Akram, Inc. with regard to Plaintiff.

10. Defendant, Hamid Hasan, is responsible in whole or in part for the violations of the FLSA herein.

11. The Defendant, Hamid Hasan, is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

12. Defendant Employers comprise an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

13. Defendants have done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

14. The Plaintiff is engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of her employ with Defendant.

## FACTUAL ALLEGATIONS

15. Plaintiff is a resident of the State of Tennessee, residing in Rutherford County.

16. Plaintiff worked for Defendant Employer performing meal preparation from July 2016 until January 12, 2017.

17. Plaintiff was paid an hourly wage for work performed.

18. Plaintiff routinely worked over forty (40) hours per week.

19. Plaintiff was required to work a standard work week consisting of nine (9) hours per day, six (6) days per week.

20. Plaintiff worked this schedule nearly every week, if not every week, of his employment.

21. Plaintiff was not paid an additional overtime wage for hours worked in excess of Forty (40) hours in one work week.

22. Plaintiff 's job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 USC § 201 *et seq*.

23. Plaintiff did not supervise any other employees.

24. Plaintiff did not have the authority to hire other employees.

25. Plaintiff did not have the authority to terminate the employment of other employees.

26. Plaintiff did not have the authority to delegate any of his duties to other employees.

27. Plaintiff did not have the authority to handle any employee grievances or complaints.

28. Plaintiff did not have the authority to interpret, implement, or enforce company policies.

29. Plaintiff did not make more than $100,000.00 annually.

30. Plaintiff's job did not involve the exercise of discretion and independent judgment with respect to matters of significance.

31. Plaintiff did not perform any work which affected the business operation to a substantial degree of Defendant.

32. Plaintiff was not allowed to make any decision regarding monies collected or spent on behalf of Defendant.

33. Plaintiff did not have any authority to bind the company contractually with any party.

34. Plaintiff's job duties did not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

35. Plaintiff's job duties did not require invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

36. Plaintiff did not possess, nor did the position require, an advanced degree.

37. Plaintiff, in short, was a non-exempt employee.

38. The Defendants willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay Plaintiff one and one-half (1.5) times his standard hourly rate for all hours worked in excess of forty (40) hours.

39. Defendants knew the FLSA is applicable to their employment practices yet still failed to pay proper overtime wages to Plaintiff.

40. The Defendants had knowledge Plaintiff was entitled to overtime compensation yet failed to pay him the proper rate for all overtime hours worked.

41. Accordingly, Defendants' pattern or practice of failing to pay Plaintiff in accordance with the FLSA was and is in willful violation of the FLSA.

42. Moreover, Defendants did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

43. Upon Plaintiff's inquiry, on or around January 12, 2017, Defendant Hamid Hasan attempted to pay Plaintiff for unpaid overtime.

44. Plaintiff objected to this payment unless Defendants could provide documentation to show Plaintiff was being properly compensated for his unpaid overtime hours.

45. Upon his objection, Plaintiff was told he needed to go home and think about his decision.

46. After considering his options, Plaintiff notified Defendants he would not accept the payment unless Defendants could provide sufficient documentation to support the offered amount.

47. Upon learning of his objection, Defendants terminated Plaintiff's employment.

48. In requesting documentation to support the alleged overtime payment, Plaintiff was engaging in protected activity.

49. Defendant terminated Plaintiff solely for his engagement in protected activity.

50. On or around November 15, 2016, Plaintiff entered into an oral agreement with Defendants for the purchase of a vehicle owned by Defendant Hamid Hasan.

51. Defendants agreed to sell Plaintiff a van for $4,000.00 for which Plaintiff would make eight (8) payments of $500.00.

52. The parties subsequently registered the vehicle in Plaintiff's name.

53. Pursuant to the agreement, Plaintiff made two (2) timely payments of $500.00 to Defendants in November and December 2016.

54. In addition, Plaintiff spent approximately $600.00 performing needed repairs to the vehicle.

55. Upon Plaintiff's termination, Defendant seized the vehicle from Plaintiff.

56. Defendant did not reimburse Plaintiff for payments he had previously made or reimburse him for the money spent repairing the vehicle.

### COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (FAILURE TO PAY OVERTIME)

57. Plaintiff hereby re-allege paragraphs 1 through 56 as though fully set forth herein.

58. Defendants willfully failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate for all hours worked in excess of 40 hours for the entire time he worked for Defendants.

59. Defendants further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 USC §216(b).

60. Defendant, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

### COUNT II- VIOLATION OF 29 U.S.C. § 215(a)(3)
### (RETALIATORY DISCHARGE)

61. Plaintiff hereby re-alleges paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiff engaged in protected activity by complaining about not being paid overtime wages.

63. Plaintiff engaged in protected activity by complaining about Defendants' failure to provide documentation to support the retroactive application of overtime.

64. Defendants immediately took adverse employment actions against the Plaintiff; namely, terminating his employment and seizing the vehicle from Plaintiff.

65. Pursuant to 29 U.S.C. § 215, Plaintiff was entitled to engage in and assert FLSA protected activities and rights without retaliation.

66. A causal link exists between the Defendants' decision to terminate Plaintiff, Defendants' seizure of the vehicle and the Plaintiff engaging in FLSA protected activity.

67. Defendant did not terminate Plaintiff for a legitimate, non-retaliatory reason and any reason given by Defendant would be pretextual in nature.

68. As the direct and proximate result of Defendants' knowing and willful violation of 29 U.S.C. § 215(a)(3), Plaintiff has suffered grave and substantial damages, wherefore Defendant stands liable to Plaintiff for reinstatement (or front pay), the payment of wages lost, out-of-pocket expenses, compensatory damages, punitive damages, reasonable attorney's fees and prejudgment interest.

## COUNT III- VIOLATION OF THE TENNESSEE PUBLIC PROTECTION ACT
## (TENN. CODE ANN. § 50-1-304)

69. Plaintiff hereby re-alleges paragraphs 1 through 68 as though fully set forth herein.

70. Plaintiff engaged in protected activity by refusing to be silent about not being paid overtime wages.

71. Plaintiff engaged in protected activity by requesting supporting documentation to verify his overtime.

72. His statements were made for his and his co-employees benefit.

73. Defendants terminated Plaintiff exclusively for his refusal to remain silent regarding the Defendants' violations of the Fair Labor Standards Act.

74. Defendants further retaliated against Plaintiff by breaching the contract for the purchase of the vehicle immediately after Plaintiff refused to remain silent regarding Defendants' violations of the Fair Labor Standards Act.

75. Pursuant to Tenn. Code Ann. § 50-1-304, Plaintiff was entitled to engage in and assert FLSA protected activities and rights without retaliation.

76. An exclusive causal link exists between the Defendants' decision to terminate Plaintiff and the Plaintiff engaging in protected activity.

77. An exclusive causal link exists between the Defendants' decision to breach the contract for the purchase of the vehicle and the Plaintiff engaging in protected activity.

78. Defendants did not terminate Plaintiff for a legitimate, non-retaliatory reason and any reason given by Defendants would be pretextual in nature.

79. As the direct and proximate result of Defendants' knowing and willful violation of Tenn. Code Ann. § 50-1-304, Plaintiff has suffered grave and substantial damages, wherefore Defendants stand liable to Plaintiff for front pay, the payment of wages lost, out-of-pocket expenses, compensation for emotional distress, punitive damages, reasonable attorney's fees and prejudgment interest.

## COUNT IV- BREACH OF CONTRACT

80. Plaintiff hereby re-alleges paragraphs 1 through 79 as though fully set forth herein.

81. The parties had a valid contract entered into for the purchase of a vehicle.

82. At all times material, Plaintiff performed his obligations under the contract in good faith by making timely payments to Defendants for the vehicle.

83. Defendants accepted the benefit of the contract by accepting payments from Plaintiff for the vehicle.

84. Upon Plaintiff's unlawful termination, Defendant willfully breached the contract by taking the vehicle from Plaintiff immediately upon his discharge.

85. As a result, Plaintiff has suffered damages.

## COUNT V- UNJUST ENRICHMENT

86. Plaintiff hereby re-alleges paragraphs 1 through 85 as though full set forth herein.

87. Defendants have been unjustly enriched by accepting timely payments from Plaintiff but refusing to tender the goods.

88. Further, Defendants have been unjustly enriched by failing to reimburse Plaintiff for repairs to the vehicle paid directly by Plaintiff.

89. Defendants knowingly accepted these benefits.

90. It would be unequitable to allow Defendants to retain these benefits without tendering the goods or without compensating Plaintiff.

91. Plaintiff is, therefore, entitled to recover in *quantum meruit* the reasonable value invested in the goods and in the improvement of the goods.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendants, for:

(1) all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

(2) all amounts of wages, including overtime, earned by Plaintiff;

(3) damages in an amount to be sufficient to compensate Plaintiff for the breach of contract and/or unjust enrichment by the Defendants in this matter;

(4) punitive damages pursuant to the Tennessee Public Protection Act.

(5) attorney fees, interest and costs pursuant to the Fair Labor Standards Act and Tennessee Public Protection Act; and

(6) any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP**


**/s/ G. BRANDON HALL**
**JONATHAN A. STREET, BPR No. 021712**
**G. BRANDON HALL, BPR No. 034027**
525 4th Avenue South
Nashville, TN 37210
(615) 353-0930

*Attorneys for Plaintiff*